UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

:
NOCO COMPANY, : CASE NO. 1:18-cv-2561
:
    Plaintiff, : OPINION & ORDER
: [Resolving Doc. 7]
vs. :
:
LIU CHANG, :
:
    Defendant. :
:

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff NOCO Company, an international consumer battery product manufacturer and distributor, sues foreign defendant Liu Chang for false advertising, trademark infringement, and deceptive trade practices.

Plaintiff NOCO moves for leave to serve Defendant Chang by alternative means.[1]

For the following reasons, the Court **DENIES** Plaintiff's motion without prejudice.

## I. Background

Plaintiff NOCO alleges that Liu Chang is responsible for an Amazon merchant account that uses the NOCO name and branding to advertise and sell battery product storage cases to consumers.

Plaintiff's pre-suit investigation found that Lui Chang is based in China and sells the product storage cases entirely online through the Amazon merchant account "Co2Crea."

Amazon's website for the Co2Crea merchant account does not give a correct address or other contact information for Chang.[2] However, the U.S. Patent and Trademark

---

[1] Doc. 7.
[2] The Amazon United States website does not give any name or address for Chang. Although Amazon Mexico

Office identifies Liu Chang as the current owner of the Co2Crea trademark and lists his address as A1-404# Jinxiujiangnan Longhua, Shenzhen, GD China 518109 ("China address").

Plaintiff has not yet tried to serve Chang. However, as required by Federal Rule of Civil Procedure 4(d), Plaintiff sent materials notifying Chang of this lawsuit and requesting that he waive the service of summons.

FedEx successfully delivered the waiver package to Chang's China address. Moreover, someone signed for this package addressed to Liu Chang,[3] although it is not clear who. Chang did not respond to the waiver request.

Plaintiff also sent Chang's Co2Crea merchant account two messages about waiver of service using the Amazon messaging platform. In response to those messages, Chang did not agree to waive service.[4]

Plaintiff NOCO asks the Court's permission to use Amazon's messaging platform to serve Defendant Chang through his Amazon merchant account Co2Crea, as opposed to the procedure authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). Plaintiff says that the Hague Convention China service process is expensive and can take many months.[5]

---

provides Chang's name and an address for Co2Crea's mailing address—#106 Construction Road, LongGang District, Shenzhen, GuangDong 518083 CN—FedEx was unable to deliver the waiver package to that address.

[3] A query using the FedEx tracking number shows this. *See* Doc. 7-2 (FedEx International Priority, tracking number 785323600839).

[4] The first message notified Chang about the lawsuit and asked Chang to contact Plaintiff's counsel to obtain the waiver request materials, as Plaintiff could not send the waiver materials as attachments due to technical issues. Chang did not reply to the message or contact Plaintiff's counsel. The second message asked Chang to verify his address. Chang responded, but his reply was apparently unresponsive to the inquiry about his address.

[5] Indeed, China represents that it usually takes four to six months to complete service and that it may take even longer depending on the location of the recipient. "Frequently Asked Questions," *China - Central Authority & Practical Information*, Hague Conference on Private International Law, https://assets.hcch.net/docs/5bbc302d-532b-40b1-9379-a2ccbd7479d6.pdf (last visited May 14, 2019) [hereinafter Frequently Asked Questions]

Case No. 1:18-cv-2561
Gwin, J.

## II. Legal Standard

The United States and China are both parties to the Hague Convention. The Hague Convention is a multilateral treaty that was designed to supply a simple way to serve process abroad, assure that foreign defendants receive actual and timely notice of suit, and facilitate proof of service.[6]

The Hague Convention applies in any civil or commercial case when service must be made in another signatory state.[7] However, it does not apply when the address of the person to be served is unknown.[8]

"The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries."[9] Convention Article 10 also establishes alternative, less formal service methods, such as direct service by "postal channels".

Like some other signatory states, China has specifically objected to the Hague Convention's Article 10 alternative service methods.[10] As a result, for service in China, the Hague Convention primarily authorizes service through China's central authority—the Ministry of Justice—that arranges for service according to domestic law.[11]

The Federal Rules of Civil Procedure specifically contemplate service through the Hague Convention, and the Supreme Court has made clear that service using the Hague

---

[6] *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 698 (1988).
[7] Hague Convention, Art. 1.
[8] *Id.*
[9] *Volkswagenwerk,* 486 U.S. at 698.
[10] *See China - Central Authority & Practical Information*, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=243 (last visited May 14, 2019) [hereinafter *China Practical Information*].
[11] *See China Practical Information*; Frequently Asked Questions at 2.

Case No. 1:18-cv-2561
Gwin, J.

Convention procedure is mandatory if materials must be transmitted abroad to carry out the service.[12]

Federal Rule of Civil Procedure 4(f) governs service on individuals in a foreign country. Rule 4(f) states that an individual may be served in any foreign district:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> . . .
> (3) by other means not prohibited by international agreement, as the court orders.

Rule 4(f)(1) requires that, when available, the service method appropriate under an applicable treaty be used if the treaty so requires.[13] This paragraph gives effect to the Hague Convention and mandates the use of Hague Convention procedures if documents must be transmitted abroad to effect service.[14]

If the address of the person to be served is unknown[15] or if service can be effected without transmitting service documents abroad (e.g., by serving a U.S. subsidiary or U.S. counsel),[16] the use of Hague Convention procedures is only preferred, not mandatory.[17] In

---

[12] Fed. R. Civ. P. 4(f) advisory committee's note to 1993 amendment ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."); *Volkswagenwerk*, 486 U.S. at 705 (holding that "compliance with the Convention is mandatory in all cases to which it applies"); *Rice v. Electrolux Home Prod., Inc.*, No. 4:15-CV-00371, 2018 WL 4964076, at *4 (M.D. Pa. Oct. 15, 2018) ("The United States Supreme Court as well as the Advisory Committee to the Federal Rules of Civil Procedure have explained that use of Convention procedures is 'mandatory' if documents must be transmitted abroad to effect service.").

[13] Fed. R. Civ. P. 4(f) advisory committee's note to 1993 amendment.

[14] *Id.* ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."); *Volkswagenwerk*, 486 U.S. at 705 (holding that "compliance with the Convention is mandatory in all cases to which it applies").

[15] *E.g.*, *Chanel, Inc. v. Song Xu*, No. 2:09-CV-02610-CGC, 2010 WL 396357, at *3 (W.D. Tenn. Jan. 27, 2010) (noting that the Hague Convention did not apply to service upon defendants because, even after a thorough investigation, the addresses of defendants were unknown).

[16] *E.g.*, *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 277–80 (S.D.N.Y. 2013) (authorizing service of a corporate subsidiary's executive who lived in China through service of the subsidiary's U.S. parent company and its counsel, as this substitute service did not trigger the requirements of the Hague Convention); *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (authorizing service of a CEO living in China through the service of his company's U.S. counsel and its U.S. registered agent and explaining that "[u]se of these methods would not run afoul of the Hague Convention since in both instances no documents would be transmitted abroad").

[17] *See* Fed. R. Civ. P. 4(f) advisory committee's note to 1993 amendment (explaining that the Supreme Court in

-4-

such cases, a court may authorize service by alternative means under Rule 4(f)(3).

When Hague Convention procedures are mandatory, Rule 4(f)(3) only "serves as a safety valve for unanticipated situations" that arise during the Convention's service process.[18] A court may allow alternative service under Rule 4(f)(3) if the foreign nation refuses to serve a complaint for substantive reasons or fails to serve it within six months.[19] The alternative service method must not be prohibited by international agreement and must comport with due process.[20]

### III. Discussion

Plaintiff NOCO moves for leave to serve foreign defendant Chang by alternative means under Rule 4(f)(3). Plaintiff claims that it does not need to use the Hague Convention procedure to serve Chang and instead seeks to serve Chang using Amazon's messaging platform.

The Court denies Plaintiff's motion to serve Chang by alternative means. In this case, the Hague Convention procedures are mandatory. Accordingly, Plaintiff must transmit the service documents to China's Ministry of Justice who will arrange for service on Chang.

---

*Volkswagenwerk* noted "that voluntary use of these procedures may be desirable even when service could constitutionally be effected in another manner").

[18] 4B Wright & Miller, Federal Practice & Procedure: Civil § 1133, Westlaw (database updated April 2019).

[19] Hague Convention, Arts. 13 & 15; Fed. R. Civ. P. 4(f) advisory committee's note to 1993 amendment ("Other circumstances that might justify the use of additional methods include the failure of the foreign country's Central Authority to effect service within the six-month period provided by the Convention, or the refusal of the Central Authority to serve a complaint seeking punitive damages or to enforce the antitrust laws of the United States.").

[20] *See* Fed. R. Civ. P. 4(f)(3); *Strabala v. Zhang*, 318 F.R.D. 81, 115 (N.D. Ill. 2016) ("Rule 4(f)(3) permits the court to order service by any means not prohibited by international agreement, as long as the method of service comports with constitutional notions of due process."); *Studio A Entm't, Inc. v. Active Distribs.*, No. 1:06cv2496, 2008 U.S. Dist. LEXIS 5883, at *7–8 (N.D. Ohio Jan. 15, 2008) ("To meet this [due process] requirement, the method of service must be 'reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950))).

Given the fact-specific nature of matters concerning service abroad, the Court makes explicit the facts that dictate that service on Defendant Chang must be transmitted through China's Ministry of Justice: (1) Defendant Chang appears to live in China, a Hague Convention signatory state that has objected to service by the Article 10 methods; (2) Chang's physical address is not unknown; (3) the only way to effect service is by transmitting documents abroad (e.g., there is no U.S. subsidiary or U.S. counsel); and (4) Plaintiff has not already attempted to serve Defendant using this method authorized by the Hague Convention.

Plaintiff makes two arguments in support of his claim that service by Amazon message is proper. Neither succeeds.

First, Plaintiff claims that the Hague Convention does not apply because Defendant's address is unknown. The Court disagrees. All available evidence suggests that Defendant Chang currently lives at A1-404# Jinxiujiangnan Longhua, Shenzhen, GD China 518109—the address that Chang gave to the U.S. Patent and Trademark Office. Chang made this representation in a formal application to the U.S. government, and trademark holders typically want to receive notices concerning their trademark rights. On top of this, FedEx successfully delivered the waiver request package to the address, and someone signed for the package.

That Defendant has not responded to Plaintiff's waiver request and related inquiries is insufficient evidence that Defendant does not live at the China address. Unlike situations where both parties are located in the United States, foreign defendant Chang is

under no obligation to respond to the waiver request.[21]

Accordingly, Plaintiff has not shown that Chang's physical address is unknown. Because Plaintiff also cannot effect service without transmitting materials abroad, Plaintiff must use the Hague Convention procedures to serve Chang.

Second, Plaintiff appears to argue that, even if the Hague Convention applies, the Court may authorize an alternative service method under Rule 4(f)(3) without Plaintiff first trying service through the Hague Convention. Plaintiff claims that the Court may authorize service by Amazon message under Rule 4(f)(3) because e-mail and other electronic service methods are "not prohibited by international agreement," including by the Hague Convention.[22]

This argument also fails. In this case, following the "internationally agreed"-to means of service specified by the Hague Convention is mandatory. Because Plaintiff has not yet attempted service through the Hague Convention under Rule 4(f)(1), there is no need to resort to other service methods under Rule 4(f)(3).

Requiring Plaintiff to wait many months for service feels shockingly out-of-step with today's fast-paced e-commerce.[23] However, the Court's hands are tied. Plaintiff NOCO

---

[21] 4B Charles Alan Wright et al., Federal Practice & Procedure: Civil § 1134, Westlaw (database updated April 2019) (explaining that, when a foreign defendant chooses not to consent, no obligations are created by the request to waive service and that the mandatory fee-shifting provision also does not apply).

[22] Courts have held that Article 10's reference to service by "postal channels" does not include e-mail and thus that objections to Article 10 do not prohibit e-mail service. *See, e.g.*, *F.T.C. v. PCCare247 Inc.*, 12 Civ. 7189, 2013 WL 841037, at *3–*4 (S.D.N.Y. March 7, 2013) (authorizing service by e-mail and Facebook to defendants in India under Rule 4(f)(3) when the India central authority declined to serve defendants, and stating that "[n]umerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10"); *Gurung v. Malhotra*, 279 F.R.D. 215, 219–20 (S.D.N.Y. 2011) (similar).

[23] At the same time, the Court notes that the Hague Convention does allow interim relief in cases of urgency, pending service under the Hague Convention. *See* Hague Convention, Art. 15 (providing that a court "may order, in case of urgency, any provisional or protective measures"); *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-CV-088, 2014 WL 1513009 (S.D. Ohio Apr. 16, 2014) (denying defendants' motion to dismiss for insufficient service and lack of personal jurisdiction and entering a preliminary injunction pending service of process under the Hague Convention, where the defendants had actual notice of the action and received all of the filings); *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, No. 2:11-CV-00742, 2011 WL 4368418 (E.D. Wis. Sept. 19, 2011) (extending a temporary restraining

Case No. 1:18-cv-2561
Gwin, J.

must serve Defendant Chang through China's Ministry of Justice.

## Conclusion

For the reasons stated, the Court **DENIES** without prejudice Plaintiff's motion to serve Defendant Chang by alternative means. If China does not effect service on Chang within six months of Plaintiff's request, Plaintiff may file a renewed motion to serve Chang by alternative means.

IT IS SO ORDERED.

Dated: May 16, 2019   *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

order until plaintiffs effected service under the Hague Convention, where plaintiffs advised defendant's New York counsel of the proceeding and defendant indicated he did not wish to participate in the temporary restraining order proceedings).